**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHARLES A. ALLISON,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **3:05-CV-2223-B** |
| ) | **ECF** |
| **LATTIMORE PROPERTIES, INC.,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* employment discrimination action.

Parties: Plaintiff is a resident of Desoto, Texas. Defendant is Lattimore Properties, Inc.

Statement of the Case: On November 14, 2005, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis* to establish that he is unable to pay the $250.00 filing fee. On December 8, 2005, in response to this Court's request, Plaintiff filed an affidavit in support of his motion to proceed *in forma pauperis* (herein after referred to as affidavit in support).

Findings and Conclusions: The statute authorizing the court to grant *in forma pauperis* status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

>criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.1988) Green v. Estelle, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." Prows, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." Id.

Plaintiff has failed to show that he is a person entitled to proceed without the payment of the $250 filing fee. His motion for leave to proceed *in forma pauperis* and affidavit in support establish that he and his wife are presently employed, and that his wife is presently looking for part-time employment. (Affidavit in Support at 1-2 and 6). The amount of their combined income during the last several months was $5,660. (Id. at 2, left hand column). Next month, Plaintiff and his wife expect to earn $4,310. (Id. at 2, right hand column). Under such circumstances, the Court is of the opinion that Plaintiff's motion to proceed *in forma pauperis* should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court enter its order denying Plaintiff's motion to proceed *in forma pauperis*.

It is further recommended that the District Court dismiss this action unless Plaintiff tenders the $250.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 12th day of December, 2005.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

3